UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONTE GIBSON,

    Plaintiff,

v.

ROBERT BLYTHE, et al.,

    Defendants.

Case No. 1:25-cv-210

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff Donte Gibson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the

defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept

2

all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

**II. The Allegations of Plaintiff's Complaint**

The undersigned takes judicial notice that on the same day that Plaintiff filed the instant case, he filed a second case. *See* Case No. 1:25-cv-211-MWM-KLL. Brief review of the tendered complaint in that case reveals several pages of <u>identical</u> allegations, despite the fact that Plaintiff has sued an entirely distinct set of defendants. (*Compare id.*, Doc. 1-1, PageID 6-8 with Doc. 1-1, PageID 10-12 in the above-captioned case). The second case has been assigned to a different magistrate judge for screening under 28 U.S.C. §1915(e)(2)(B)(ii).

Plaintiff has tendered his complaint on a standard form used by pro se litigants to allege civil rights violations. As defendants, he identifies: (1) Robert Blythe, Mayor of Richmond, Kentucky; (2) Mike Duggan, Mayor of Detroit Michigan; (3) State Trooper Captain Shane Wall of Richmond, Kentucky and (4) Sheriff Mike Coyle of Richmond, Kentucky. All four defendants are named solely in their official capacities. (Doc. 1-1 at PageID 5-6). Plaintiff asserts that he is suing "federal officials" for the deprivation of his rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

3

U.S. 388 (1971). (Doc. 1-1, PageID 6). However, he simultaneously alleges that defendants are liable under 42 U.S.C. § 1983 for violations of multiple federal laws and constitutional provisions. (*Id*., PageID 6-7).

In response to a question asking Plaintiff to "explain how each defendant acted" under color of state, local, or federal law, he states: "Discrimination, deny housing, and having people lynch me from work for thee government." (*Id*., PageID 7). A handwritten "Statement of Claim" elaborates:

> I was violated by lynching Mob I was harassed every day and threatened by their family and friends. I lost jobs and sober living because of these people friends and government official and they street organization. They even had me scared to get help from anyone because people know they were watching through my body cam that was placed on me.

(Doc. 1-1, PageID 7 (minor spelling corrections for legibility)).

On additional pages, Plaintiff continues as follows[1]:

> I Donte Gibson [am] submitting federal documents… that are true statements of … persons whom discriminating a Black man for my color and my knowledge of wisdom of right justice. I am denied of help to be recovered and to work in [this] Town[.] I'm suffering from a lynching Mob that are behind the scene watching and Hacking and Starting a lot of trouble. I am acknowledge of thing these persons are doing "Gointelpro" they destroyed people whom would support me and stand to fight with me, I've been Investigate thee government and thee citizens that wealth who are using citizens are poor to do their work for them. I have put complaints in with no proper professional investigation from them, Their being unprofessional not wanting me face some of my accuser to those whom started fascist with racism upon me and my family and friends. I submit complaints in Homeland Security, civil right commission, I reach out to Governor even Police and just to be denied because of these Lodge are playing with my civil Rights and Slaven me for my color. Stopping me from housing and financing and women, They even investigation on my family and their friends and glorify that they are violating their civil Right by Hacking my stuff. By having grown men sit on women so they won't support me or be loved by me basically have grown men to stop them from saying good things about me for the industry TV show, that is like bring a enemy into your home with out them known, and not telling these women the truth because if they do their would

---

[1] Identical allegations are attached to the complaint form filed in No. 1:25-cv-211-MWM-KLL.

4

be hurt and heartbroken because it wasn't true love. So my investigation got invade, people were informing suspects that I where investigate person's there been moved around under those whom are informing the citizens and Me but make it seem I am a Mental Health person, when I'm not but hearing the racist harassment and threats with the New way to communication to exchanging information, I call it. Never leave a man behind Ear Pieces. I will fight in court and on thee battlefield for the family's and communities for are "we" honor and Equal rights and place to live. You'll been using women for sex and money by destroying their image that is democracy to thee kids.

(Doc. 1-1, PageID 10-12) (minor spelling corrections for legibility; grammar and highlighting original). The following addendum appears below Plaintiff's signature:

Note: They even started Problem in my city Cincinnati, Ohio and Detroit Michigan by starting up trouble so I wont be heard for the people "we" being Slaved, I Even lost friend'z and family because of You'll government games I am tired and I will not be Move and want be move by any person. I am My brother & sisterkeeper better then those organization'z.

"Power to All Thee People."

(*Id*., PageID 12).

Elsewhere on the complaint form, Plaintiff alleges the following injuries:

I sustained bad Health problems. I never had bad Health problems in Cincinnati, They gave me medication that gave a bad lungz [sic]. They really gave me PTSD bad[.]

(*Id*., PageID 8). Last, in a claim for Relief, Plaintiff seeks "the money that have took and the pain & suffer [sic] I've sustained. And would have all partie's [sic] to sit talk with my mediation." (*Id.*)

**II. Analysis**

After careful review, the undersigned concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court. On the whole, the complaint contains insufficient factual detail from which this Court can discern any conceivable or plausible claim against any of the individual defendants. Other than listing

5

the defendants in the caption, none of the allegations identify any personal action undertaken by any specific defendant. In fact, the complaint does not even identify a time frame during which the alleged events took place.

At a minimum, the applicable civil rights statute, 42 U.S.C. §1983,[2] requires Plaintiff to allege sufficient facts to show that each defendant, while operating under the color of state law, deprived him of a right secured by the Constitution or laws of the United States. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729 (1978); *see Sumpter v. Wayne County*, 868 F.3d 473, 494 (6th Cir. 2017). Here, although Plaintiff appears to be seeking redress for violations of a host of asserted federal and constitutional rights,[3] his allegations consist of nothing more than conclusory and implausible accusations that the defendants collectively "unlawfully-harmed-me." Such general accusations do not withstand analysis under the minimal pleading standards established by *Iqbal* and *Twombly*.

In addition, while Plaintiff purports to sue each defendant solely in his official capacity, he has failed to allege that any named defendant acted pursuant to a policy or custom. Claims against an individual in his official capacity are essentially claims against the entity for which they are agents. "It is firmly established that a municipality, or ... a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell v. Dep't. of Social Serv.*, 436 U.S. 658, at 694 (1978)).

---

[2] A Bivens claim may be stated only against federal employees. All four of the identified Defendants appear to be state or local officials, who are subject to suit only under 42 U.S.C. § 1983.

[3] Plaintiff cites specifically to 18 U.S.C. §§ 241, 242, 249, and 42 U.S.C. § 3631, as well as the "14th, 13th, 9th, 8th, 6th, 5th, [and] 4th" Amendments to the U.S. Constitution. (*Id.*, PageID 6-7). Other than providing a list of statutes and constitutional amendments, however, Plaintiff's complaint is wholly devoid of any factual allegations supporting the alleged violations.

6

Therefore, Plaintiff fails to state any viable claim under federal law. Because the complaint fails to state a claim upon which relief may be granted, it should be dismissed under 28 U.S.C. §1915(e)(2)(B).

### III. Conclusion and Recommendation

Plaintiff's allegations lack sufficient factual detail to state any plausible claim against any defendant. Accordingly, **IT IS RECOMMENDED THAT:**

1. This case be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted and such that any future amendment would be futile;

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis*;

        *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DONTE GIBSON,                                          Case No. 1:25-cv-210

       Plaintiff,                                   McFarland, J.
                                                       Bowman, M.J.

   v.

ROBERT BLYTHE, et al.,

       Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).